# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 12-104 and 13-124 |
| | ) | |
| RAMON PORTIS, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 343 at 12-104) will be denied.

**Background**

On May 29, 2013, Ramon Portis ("Defendant") pleaded guilty to a lesser included offense at Count 1 of the Indictment at Criminal Number 12-104 against him (conspiracy to distribute 100 grams or more of heroin). Change of Plea (Doc. 152 at 12-104). Defendant also pleaded guilty to Count One of the Information at Criminal Number 13-124 (possessing a firearm in furtherance of a drug trafficking offense). Id. and (Doc. 7 at 13-124). The Court was notified that Defendant and the Government had entered into an 11(c)(1)(C) plea agreement at that time. On October 16 and 17, 2013, the Court gave all parties notice that the Court intended to accept the terms of the plea agreement. Notice Re Ramon Portis, ECF October 16, 2013 at 12-104 and October 17, 2013 at 13-124. On October 18, 2013, Defendant was sentenced to 168 months of imprisonment total; 108 months at Criminal Number 12-104 and 60 months at Criminal Number 13-124, to be served consecutively. Judgement in a Criminal Case (Doc. 25 at 13-124 and Doc. 215 at 12-104). This sentence was in accordance with the terms of the plea agreement.

On September 15, 2015, Defendant filed a *pro se* Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 343 at 12-104). On September 24, 2015, the Court ordered that the Federal Public Defenders Office be appointed to represent Defendant in all matters pertaining to this action. (Doc. 348 at 12-104). On October 13, 2015, the Government filed its Opposition. (Doc. 353 at 12-104).

**Analysis**

Section 3582(c)(2) of Title 18 of the United States Code makes clear that:

> [a] district court only has the authority to consider whether a defendant should receive a reduction in sentence under § 3582(c)(2) when the defendant has been: (1) sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission; and when such a reduction is (2) consistent with the applicable policy statements issued by the Sentencing Commission.

United States v. Weatherspoon, 696 F.3d 416, 422 (3d Cir. 2012) (citing 18 U.S.C. § 3582(c)(2); United States v. Doe, 564 F.3d 305, 309 (3d Cir. 2009)). The Government does not dispute that Amendment 782 to the United States Sentencing Guidelines applies retroactively in drug cases such as this one. The crux of the dispute between Defendant and the Government is whether Defendant's agreed-upon sentence in his 11(c)(1)(C) plea agreement was "based on" the United States Sentencing Guideline range.

Justice Sotomayor's concurrence in Freeman v. United States, 131 S.Ct. 2685 (2011), controls this issue. Weatherspoon, 696 F.3d at 422 (citing United States v. Thompson, 682 F.3d 285, 289 (3d Cir. 2012)). Freeman established the possibility for defendants to receive a reduction in their sentence, even if that sentence was agreed upon in the context of an 11(c)(1)(C) plea agreement. Freeman, 131 S.Ct. at 2695. Such a reduction may only be considered if it is clear from the four corners of the 11(c)(1)(C) plea agreement that Defendant's agreed-upon sentence was "based on" the Sentencing Guidelines. Id. at 2698, n. 2 ("[T]o

2

determine whether a sentence imposed pursuant to a[n 11(c)(1)](C) plea agreement was 'based on' a Guideline sentencing range, the reviewing court must necessarily look to the agreement itself."); see also Weatherspoon, 696 F.3d at 422.

Justice Sotomayor described two potential situations in which a defendant sentenced pursuant to an 11(c)(1)(C) plea agreement could be eligible for a reduction in sentence. Freeman, 131 S.Ct. 2697-700. Only one of those situations potentially is applicable here: when the defendant's plea agreement calls for a specific term of imprisonment, and the agreement "makes clear" that the Guideline range served as the foundation for the agreed-upon sentence. Weatherspoon, 696 F.3d 422-23 (citing Freeman, 131 S.Ct. at 2697-98). "Thus, to be eligible for relief under 18 U.S.C. § 3582(c)(2), a defendant who agrees to a specific term of imprisonment in a[n 11(c)(1)](C) plea agreement must show that his agreement both identifies a Guideline range and demonstrates a sufficient link between that range and the recommended sentence." Id. at 423 (citations omitted).

The facts of the instant case are identical to those presented in Weatherspoon and that case is controlling. Id. Defendant, like Weatherspoon, was sentenced to a fixed term of imprisonment pursuant to his 11(c)(1)(C) plea agreement. Weatherspoon, 696 F.3d at 424. The Court must therefore look within the four corners of the plea agreement to see if the Sentencing Guidelines formed the foundation for Defendant's sentence. Id. It is the case here, as it was in Weatherspoon, that "the agreement is silent as to [Defendant's Guideline] range"; "[n]owhere in the agreement does it explicitly state the range the parties relied upon in determining [Defendant's] sentence"; "[n]or does the agreement provide the necessary ingredients to calculate" Defendant's Guideline range. Id. As in Weatherspoon, "[t]here are simply no statements or assertions of fact in the agreement that allow [the Court] to determine [Defendant's] criminal history, and thus the Court is missing *at least* one-half of the equation."

3

Id. (emphasis added). As such, Defendant's sentence was not "based on" the Sentencing Guidelines and Defendant's Motions for reduction of sentence must be denied.

## II. ORDER

Consistent with the foregoing, Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 343 at 12-104) is DENIED.

January 5, 2016                                  s\Cathy Bissoon
                                                       Cathy Bissoon
                                                       United States District Judge

cc (via ECF email notification):

All Counsel of Record