# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action Nos. 12-104 |
| v. | ) | 13-124 |
| | ) | |
| RAMON PORTIS, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendant Ramon Portis's ("Defendant's") Renewed Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (hereinafter "Motion," Doc. 381[1]). The Government has filed a Response in Opposition (hereinafter "Response," Doc. 383), and Defendant's Motion is now ripe. For the reasons that follow, Defendant's Motion will be denied.

## BACKGROUND

On May 29, 2013, Defendant pleaded guilty to a lesser included offense at Count 1 of the Indictment against him in Criminal Action 12-104 (conspiracy to distribute 100 grams or more of heroin) and to Count 1 of the Information against him in Criminal Action 13-124 (possession of a firearm in furtherance of a drug trafficking crime). (Transcript of Change of Plea Hearing 25-26, Doc. 369.)

Defendant entered this plea pursuant to the terms of a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"). Under this plea agreement, "the parties stipulate[d] and agree[d] that the appropriate sentence in this case [was] a term of imprisonment of 14 years," which represented an upward variance from the guideline range. (Plea Agreement signed May 29, 2013, on file with Court.) The parties' agreement referred to Section 2D1.1 of

---

[1] All docket entry numbers refer to filings at Criminal Action 12-104.

1

the United States Sentencing Guidelines (the "Guidelines") as the relevant provision governing Defendant's sentence at Count 1 of the Indictment. The Court accepted the terms of the parties' agreement, and Defendant was sentenced to 14 years' imprisonment on October 18, 2013. (Transcript of Sentencing Hearing 15, Doc. 225.)

Not long after Defendant was sentenced, Section 2D1.1 of the Guidelines was amended to decrease the base offense levels for drug offenses by two levels, and the Sentencing Commission elected to make this amendment, Amendment 782, retroactive. See, e.g., United States v. Bryant, No. 12-103, 2015 WL 6472635, at *1 (W.D. Pa. Oct. 26, 2015) (Bissoon, J.).

On October 30, 2018, Defendant filed the instant Motion *pro se*,[2] arguing that pursuant to Hughes v. United States, 138 S. Ct. 1765 (2018),[3] he is entitled to a reduction in sentence under Amendment 782. (See Motion at 1-2.) Specifically, Defendant requests to be "resentenced . . . [pursuant] to the new guidelines range applicable to him that has been lowered by two levels." (Id. at 4.)

In opposition, the Government argues that the term of imprisonment imposed was not "*based on* a sentencing range that has subsequently *been lowered*," 18 U.S.C. § 3582(c)(2) (emphases added), for two reasons.

First, the Government argues that the sentence was negotiated based on Defendant's serious criminal conduct, including matters outside the scope of the Indictment and the Information, rather than based on the Guidelines. (Response 2.)[4]

---

[2] The Motion was docketed on November 5, 2018.
[3] Hughes holds that "[a] sentence imposed pursuant to a Type-C agreement is no exception to the general rule that a defendant's Guidelines range is both the starting point and a basis for his ultimate sentence," id. at 1776; as a result, when "[t]hat range has 'subsequently been lowered by the Sentencing Commission,' [a defendant] is eligible for relief under § 3582(c)(2)," id. at 1778.
[4] The Court finds that this argument is foreclosed by Hughes, as Defendant's plea agreement clearly refers to Section 2D1.1, and the calculations under that section were "part of the

2

Second, the Government argues that the applicable guideline range has not been lowered. That is, Defendant's guideline range was ultimately set by the unaltered statutory mandatory minimum of 60 months rather than the range that would have applied absent the mandatory minimum (46 to 57 months) and that has since been lowered. (Id.) As a result, pursuant to Guideline Section 5G1.1(b), the Government argues that the guideline sentence was 60 months and that this "range" has not been altered by Amendment 782. U.S.S.G. 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.") Without a change in the applicable guideline range, the Government argues that this Court lacks authority to reduce a sentence under 18 U.S.C. § 3582(c)(2).

In support of their argument as to the relevant guideline range, the Government also cites the policy statement of the Sentencing Commission at Guideline Section 1B1.10(a)(2), which states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. 1B1.10(a)(2). Application Note 1(A) to this Section further clarifies that a reduction is not authorized if an "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." Id. at cmt. n.1(A). These policy statements are binding on the Court. See Dillon v. United

---

framework the district court relied on in imposing the sentence or accepting the agreement." Hughes, 138 S. Ct. at 1775. However, as explained below, the Government's first argument is tangential to the Court's analysis and conclusion.

States, 560 U.S. 817, 821 (2010) ("Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission.").

**ANALYSIS**

Under 18 U.S.C. § 3582(c)(2),

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id. The statute thus requires that: (1) the sentence was "based on" the guideline range, (2) that this range has "been lowered," and that (3) a reduction would be "consistent" with the Sentencing Commission's policy statements. See United States v. Cruse, 2018 WL 5281679, at *2 (W.D. Pa. Oct. 24, 2018).

In Hughes, the Supreme Court clarified the application of the "based on" requirement to plea agreements under Rule 11(c)(1)(C) (sometimes called "Type-C" agreements). Specifically, the Court held that "a sentence imposed pursuant to a Type-C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." Hughes, 138 S. Ct. at 1775. However, the Supreme Court in Hughes did not address how district courts are to determine when a guideline range has "been lowered."

The Court of Appeals for the Third Circuit has addressed this question, and has concluded that a guideline range has not "been lowered" when a mandatory minimum exceeded the otherwise applicable guideline range at sentencing and became the guideline sentence under Guideline 5G1.1(b). E.g., United States v. Ortiz-Vega, 744 F.3d 869, 873 (3d Cir. 2014) ("if a defendant is subjected to a mandatory minimum, he or she would not be given a sentence 'based

on a sentencing range that has subsequently been lowered'"); <u>United States v. Mainor</u>, 725 F. App'x 85, 86 (3d Cir. 2018) ("A reduction is not authorized under § 3582(c)(2) if the change to the Sentencing Guidelines 'does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).'" (quoting U.S.S.G. § 1B1.10 cmt. n.1(A)).

Consistent with the above, the Court's analysis is straightforward. As applied to Defendant, the ultimate guideline "range" at his sentencing was 60 months. (Transcript of Sentencing Hearing 7.) After Amendment 782, Defendant's guideline sentence remains 60 months. The Court thus finds that Defendant's guideline range has not been lowered by Amendment 782 and that the Court lacks the authority to reduce Defendant's sentence under 18 U.S.C. § 3582(c)(2).

\* \* \*

Accordingly, Defendant's Motion (Doc. 381) is DENIED.

February 15, 2019                                     s\Cathy Bissoon
                                                                    Cathy Bissoon
                                                                    United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

RAMON PORTIS
USMS 33500068
USP, Big Sandy
P.O. Box 2068
Inez, KY 41224